Date signed September 27, 2013



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

|  |  |  |
|---|---|---|
| IN RE: | : |  |
|  | : |  |
| PETER ORISTIAN | : | Case No. 12-24014PM |
| Debtor | : | Chapter 7 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |  |
| AMERIPRISE FINANCIAL | : |  |
|    SERVICES, INC. | : |  |
| Plaintiff | : |  |
| vs. | : | Adversary No. 12-0760PM |
|  | : |  |
| PETER ORISTIAN | : |  |
| Defendant | : |  |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |  |

### MEMORANDUM OF DECISION

This case came before the court for trial of Plaintiff's Complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A).[1] Plaintiff urges that Debtor's schedules are false, that income was omitted, and that but for these omissions he would not have qualified for the means test and would have had to file a case under Chapter 13 that would provide a substantial return to creditors.

As Plaintiff's counsel stated in his final argument, Defendant came "over the top to make the means test." Plaintiff's Exhibit 1, Debtor's Chapter 7 Statement of Current Monthly Income and Means Test Calculation, implements enforcement of 11 U.S.C. § 707(b)(1), *Dismissal of a*

---

[1] 11 U.S.C. § 727. Discharge
    a) The court shall grant the debtor a discharge, unless—
        4) the debtor knowingly and fraudulently, in or in connection with the case—
            (A) made a false oath or account[.]

*case or conversion to a case under chapter 11 or 13*, that provides:

> (b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter.  In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)) to any qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)).

This section of the Bankruptcy Code came into being as a part of the amendments contained in the Bankruptcy Abuse Protection and Consumer Protection Act of 2005. It was the result of perceived abuses of the bankruptcy system by parties who while being able to repay a significant portion of their debts elected the bankruptcy option so as to pay nothing.  This act attempted to remedy what some believed to be widespread filing abuse by instituting a "means test" and creditor counseling. This was a threshold for consumer debtors to avail themselves the benefit of the Chapter 7 discharge. *See generally*, *R. I. Aaron*, BANKRUPTCY LAW FUNDAMENTALS, §1.11 (2013).

However the means test has no application to this Debtor whose debts are primarily business debts. The only claim filed was by Plaintiff on account of an arbitration finding in its favor growing out of an employment dispute.  *See*, *In re Hernandez*, 2011 WL 1541691 *2 (B.C. E.D. Ky. Apr. 21, 2013):

> Although Central Bank argues that a presumption of abuse exists under § 707(b)(2)(A) because of alleged misstatements of income and expenses, the Court finds no need to address these issues because the Debtors' debt is not primarily consumer debt. By its terms, the Means Test contained in § 707 only applies to debtors whose debts are primarily consumer debts, and therefore the bankruptcy case of a debtor whose debts are primarily business debts is not subject to dismissal under § 707(b). 11 U.S.C. § 707(b) (providing that the court "may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts....").  There is no disagreement between the parties that the amount owed to Central Bank is a business debt rather than a consumer debt.  The only remaining issue is whether the business debts exceed the consumer debts.

But even if the means test applied, the court would find in favor of Defendant.  The court found that he testified truthfully in all respects.  His experienced consumer bankruptcy attorney explained how the petition and schedules were created and where the figures were extracted from.  The court does not find the double counting of automobile expenses described by Plaintiff.  The

negative income complained of was explained by the fact that the tuition bills for Debtor's sons at St. John's College High School were paid by his wife and the cash flow deficiency was accounted for by her savings.  The omission from his schedules of his wife's income from self-employment was inadvertent and corrected at the time the parties did their 2012 tax return.  The court finds Amy Christian's testimony credible in all respects with respect to her failure to advise her husband of her self-employment income with St. Jude's.  When that came to light in connection with the preparation of their tax returns, the schedules were appropriately amended.  If there were inaccuracies in the schedules and statement of financial affairs, these were minor and not knowingly and fraudulently made.

Plaintiff complains that an obligation of Debtor and his non-filing spouse was paid shortly before the filing of the case.  As explained by Mr. Morgan, this was done to avoid the possible freezing of a bank account that was not called for in any event.  Even if all of Plaintiff's mathematical calculations of income were accepted, that would cause no change in the result. Debtor could file this bankruptcy case under Chapter 7 and have this business debt discharged. The alleged misstatements are not of a kind to warrant denial of Debtor's discharge.  The court finds no evidence of a false statement of any material fact. A false statement or omission that has no impact on a bankruptcy case is not grounds for denial of a discharge under 11 U.S.C. § 727(a)(4)(A),  6 COLLIER ON BANKRUPTCY ¶ 727.04[1][b] (16th ed. 2013); *In re Watkins*. 474 B. R. 625, 639 (B.C. N.D. Ind. 2012).

Defendant seeks attorney fees for the defense of this unsuccessful effort to deny his discharge. Defendant pled for an award of attorney fees in this adversary proceeding. Generally, absent statute or an enforceable contractual provision, litigants must pay their own attorney fees. *Galveston Co. Navigation Dist. No. 1. v. Hopson Towing Co., Inc.*, 92 F.3d 353 (C.A. 5 1996). Unlike 11 U.S.C. § 523(d), § 727 of the Bankruptcy Code does not provide for an award of attorney fees to a debtor who prevails in defense of an objection to discharge. *See In re Farhangkhah*, 473 B.R, 140, 152 (B.C. S.D. Tex. 2012, *In re Shahid*, 254 B.R. 40 (B.A.P. 10 2000); *In re Baker*, 205 B.R. 125 (B.C. N.D. Ill.1997).  In the absence of specific statutory authorization, this court is without authority to compel the losing party to pay the attorney fees of its opponent.  *Pacific Legal Foundation v. Goyan*, 664 F.2d 1221, 1225 (C.A. 4 1981). Departures from the "American Rule" require "explicit statutory authority."  *Buckhannon Bd. & Care Home, Inc., v. West Virginia Dep't of Health and Human Services,*  532 U.S. 598, 602 (2001).

An order will be entered in accordance with the foregoing.

cc: Plaintiff
 Plaintiff's counsel
 Defendant
 Defendant's counsel

End of Memorandum of Decision